UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
REYNAUD CHANDLER,

                                        Petitioner,          9:06-CV-1024
                                                             (TJM)(GJD)

              v.

STATE OF NEW YORK,

                                        Respondent.
_____

APPEARANCES:

REYNAUD CHANDLER
Petitioner, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

By prior Order of this Court, petitioner Reynaud Chandler was afforded the

opportunity to submit an amended petition establishing that his petition for a writ of

habeas corpus was timely filed under the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA").[1]  Dkt. No. 4.

Petitioner's amended petition is before this Court for consideration.  Dkt. No. 5.

Petitioner seeks habeas corpus relief from his plea of guilty entered in Albany

County Court on a charge of third degree possession of a controlled substance.

Petitioner was arrested on October 9, 1989, following a traffic stop and the seizure of

drugs from the automobile in which petitioner was a passenger.  Dkt. No. 2 at 1.

As noted in the Court's prior Order, petitioner's conviction became "final" prior to

the effective date of the AEDPA and he was therefore afforded a one year grace period

−  until April 24, 1997  −  in which to seek habeas corpus relief.  Dkt. No. 4 at 3.

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Because the only state court action commenced by petitioner to challenge his

conviction was a CPL 440.10 motion filed in state court in 2005, the Court determined

that his claims were time-barred.  The Court also ruled that petitioner had not

demonstrated that he could properly proceed challenge his conviction on the basis of

an affidavit received in May, 2005, from the driver of the car.  *Id*.; *see* 28 U.S.C. §

2244(d)(1)(D).  In light of petitioner's *pro se* status, however, he was afforded the

opportunity to submit an amended petition establishing that this action was properly

filed.

     In his amended petition, petitioner reasserts his argument that because the

§ 2254 petition was filed within one year of the date on which state court proceedings

on his CPL 440.10 motion were concluded, this action is timely filed.  Dkt. No. 5 at 2-3.

However, as petitioner was previously advised, the AEDPA's tolling provision does not

operate so as to restart the one-year limitations period at the conclusion of the state

court proceedings.  Dkt. No. 4 at 3; *see Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.

2000).

     The Court has also considered petitioner's claim that he may properly challenge

his conviction on the basis of affidavit evidence received in May, 2005 from Basil Smith,

the driver of the car who was also charged in the incident and pleaded guilty to a

"lesser" role.   Dkt. No. 5 at 2 and ex. D (Affidavit of Basil Smith).[2]  In this affidavit,

Smith states that he was the sole owner of the drugs and that petitioner did not know

---

[2]  Petitioner had apparently been trying to locate this person and had sought information regarding the affiant's whereabouts from his criminal attorney in approximately January, 2005.  Dkt. No. 5 at ex. C.

that the drugs were in the car.  Smith further states that he now regrets that his fear of

jail-time caused petitioner to suffer irreparable harm.  *Id*., Smith Aff. at 3.  Petitioner

asserts that Smith's affidavit is "new evidence" which establishes his innocence and

requires that his conviction be vacated.  Dkt. No. 5 at 2.

Petitioner commenced a state court proceeding to vacate his conviction pursuant

to CPL 440.  The state court denied the motion, ruling that relief from a conviction

based upon a "recantation" affidavit is available only where there has been a conviction

after trial and, moreover, because the evidence would serve only to impeach or

contradict petitioner's statement at his plea colloquy and would not require vacatur.

Dkt. No. 5, ex. A (Decision of Breslin, S.C.J. dated March 7, 2006).  Petitioner contends

this action was timely commenced within the one year period which commenced in

May, 2005 when he received the affidavit, giving effect to the tolling occasioned by the

state court proceedings.

To show actual innocence, a petitioner must prove in light of new, reliable,

evidence that "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Moreover, a showing of actual innocence is only a gateway to habeas corpus review.

"[C]laims of actual innocence based on newly discovered evidence have never been

held to state a ground for federal habeas relief absent an independent constitutional

violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506

U.S. 390, 400, 113 S.Ct. 853 (1993).

In this case, petitioner claims that he would not have pleaded guilty had he

known that Smith had "let the state judge and the prosecutor know" that the drugs

belonged to Smith.  Dkt. No. 5 at 2.  Even assuming, *arguendo*, that Smith made this

disclosure,[3] the affidavit is not evidence that petitioner's plea was constitutionally infirm.

In all events, while Smith's alleged statements might have persuaded petitioner to

proceed to trial, petitioner has not demonstrated that on the basis of this testimony, had

it been forthcoming at a trial,[4] "it is more likely than not that no reasonable juror would

have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298,

327 (1995).

    Based upon the foregoing, the Court finds that this habeas corpus proceeding

was not timely filed under the AEDPA.  Accordingly, this action is dismissed.

    WHEREFORE, in light of the foregoing, it is hereby

    ORDERED, that this action is dismissed as time-barred for the reasons set forth

herein and in the Court's prior Decision and Order in this action (Dkt. No. 4), and it is

further

    ORDERED, that the Clerk serve a copy of this Decision and Order on petitioner.

IT IS SO ORDERED.

April18,2007

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3]  Smith states only that he made these facts known to his lawyer.  Dkt. No. 5, ex. D Smith Aff. at 1.

[4]  Smith never states that he would have testified on petitioner's behalf.  Rather, Smith merely expresses regret that he acted out of fear and selfishness to protect himself and states that he now seeks a clear conscience.  Dkt. No. 5 ex. D Smith Aff. at 3.